UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DR. MUKUND VENGALATTORE,

Plaintiff,

v.

CORNELL UNIVERSITY,

Defendant.

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

Civil Action No.
3:18-CV-1124 (GLS-TWD)

**WHEREAS** Plaintiff, Dr. Mukund Vengalattore, and Defendant, Cornell University (individually a "Party" and collectively "the Parties"), have agreed to the following terms of confidentiality, and the Court, having found good cause exists for the issuances of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby,

**ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties in connection with discovery in this action:

1. <u>Applicability</u>. This Protective Order shall apply to all information and documents produced by any Party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions, or other formal or informal discovery requests and all information provided by any Party in connection with any evidentiary hearing or other proceeding conducted prior to trial in this action.

2. <u>Identification of Jane Roe and other Students</u>. Any document that is filed with the Court that contains the identity of the complainant in the underlying incident will be modified to refer to the complainant only as "Jane Roe" prior to filing. Further, prior to filing any document with the Court that contains the identity of an individual who was or is a student at Cornell (including, but not limited to, documents exchanged in discovery, deposition transcripts,

14792701

declarations or memoranda of law), the filer will determine whether the document has been previously disclosed in a public filing before the date of this protective order.  If the document was not previously filed without the redaction or modification of the individual's identity, the filing party will identify the individual only by a pseudonym (i.e. "Witness 1").  In the event such modification will result in undue burden to the filing party or any redaction or modification will limit the Court's understanding of the document, the filing party will request that any such document be filed under seal.

3.     "CONFIDENTIAL" Designation. Any Party to this case may designate as "CONFIDENTIAL" the following: documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, material and information produced or disclosed by any Party in this matter. "CONFIDENTIAL" documents may include education records, medical records, employment records, proprietary information, and any other information that the producing Party believes in good faith to be entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. No document may be designated as "Confidential" if it has been disclosed in a public filing before the date of this protective order.

4.     A party may designate materials as "CONFIDENTIAL" in the following manner:

    a.  Documents. At the time of production, a party should designate or stamp the word "CONFIDENTIAL" on any particular document. Where a document is produced in electronic form, the drive, disc, or electronic media storage device shall be marked "CONFIDENTIAL." In addition, the information or documents contained in the electronic record should be designated as "CONFIDENTIAL" such that to the extent any party prints or reproduces any information or any

14792701

documents produced in electronic format, any such printouts or reproduction shall automatically include the designation of "CONFIDENTIAL."

b.  Interrogatories or Requests for Admissions. A Party may designate an Interrogatory response or answer to a Request for Admission as "CONFIDENTIAL" providing such Interrogatory responses or answer on separate pages from any other Interrogatory response(s) or answer(s) or portions of Interrogatory response(s) or answer(s) that are not designated as "CONFIDENTIAL."

c.  Testimony. Each paragraph of an affidavit containing "CONFIDENTIAL" information shall be designated as such and shall appear on a separate page from paragraphs that do not contain "CONFIDENTIAL" information. Deposition testimony may be designated during the course of that testimony by designating the precise testimony claimed to be "CONFIDENTIAL." The reporter shall separately transcribe and bind deposition testimony so designated as "CONFIDENTIAL" and shall mark the face of the separate bound transcript containing "CONFIDENTIAL" testimony with the term "CONFIDENTIAL." Such deposition testimony may also be designated as "CONFIDENTIAL" by giving written notice to the opposing Party within thirty (30) days after receipt of the transcript of such testimony, setting forth the pages and lines of such transcript which are "CONFIDENTIAL." The Parties will be responsible for redacting the identities of any students from transcripts filed with the Court or used at a hearing.

14792701

5.      Access to "CONFIDENTIAL" Information. "CONFIDENTIAL" materials should not be disclosed in any manner, directly or indirectly to any person other than the attorneys for the parties and their personnel, named Parties and their officers and employees, witnesses, expert witnesses retained or used by the attorneys of record, and Court personnel. Access to "CONFIDENTIAL" documents or information shall be limited to disclosure that is reasonably necessary for purposes of preparation, trial, appeal, or settlement. "CONFIDENTIAL" documents or information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) the attorneys for the Party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

6.      Claim of Confidentiality After Production. If a Party believes that a document(s) or information contained within another Party's document production or discovery responses should be treated as "CONFIDENTIAL," but was not marked as such by the producing Party, that Party shall so notify all Parties within thirty (30) days of receipt of said document or information. If the Parties cannot agree on the "CONFIDENTIAL" nature of the document or information in question, the Party seeking "CONFIDENTIAL" treatment may apply to the Court for a protective order. Until such time as the Court decides any such application, the Parties shall treat the disputed document or documents as "CONFIDENTIAL."

7.      Agreement to be Bound by this Order. Each person to whom information or a document designated as "CONFIDENTIAL" is disclosed shall be informed of the terms of this Order and must agree to be bound by it. Each person other than the attorneys for the parties and their personnel, named Parties and their officers and employees, and Court personnel must agree to be bound by this Order by executing Exhibit A before disclosure to such person of any such information or document.

4

8.      Filing of "CONFIDENTIAL" Documents on the Public Docket. In the event that any Party files "CONFIDENTIAL" materials with the Court supporting a motion or other court filing, the Party shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth by the Court's procedure.

9.      Non-Waiver of Objections. This Order does not limit or waive the right of any Party to object to the scope of discovery in this litigation or to the admissibility at trial of any proffered evidence, documentary or otherwise. This Order does not constitute a finding or evidence that any of the information disclosed or contained in the produced or designated materials is or is not "CONFIDENTIAL" or proprietary in nature. Each Party reserves the right to dispute the "CONFIDENTIAL" status claimed by any other Party or subpoenaed party in accordance with this Order. If a Party believes that any documents or materials have been inappropriately designated by another Party or subpoenaed party, that Party shall confer with counsel for the designating Party. As part of that conference, the designating Party must assess whether redaction is a viable alternative to complete non-disclosure. If the Parties are unable to resolve the matter informally, a Party may file an appropriate motion with the Court.

10.      Subpoenas for "CONFIDENTIAL" Information. If any Party receives a subpoena or document request from a non-party that appears to require the production of materials that have previously been designated as "CONFIDENTIAL" by any Party to this action, the Party receiving such subpoena or document request shall: (a) within 10 business days of receipt of a subpoena or document requests, or as soon as practicable if the deadline for production under such subpoena or request is less than 10 business days, notify the Party that designated the materials as "CONFIDENTIAL" of the receipt of the subpoena or document request; and (b) shall not oppose

14792701

any effort by the designating Party to modify the subpoena or obtain a protective order limiting discovery of such material.

11.     Disposition of "CONFIDENTIAL" Information by the Parties. Within thirty (30) days of the conclusion of this action, including any and all appeals, all documents or information designated as "CONFIDENTIAL" and all copies thereof within the possession of the Parties, their officers, or their employees, shall be destroyed. Counsel for the Parties may retain "CONFIDENTIAL" information for archival purposes, subject to the provisions of this Order.

12.     Inadvertent Disclosure. If documents or information that are subject to a claim of attorney-client privilege, attorney-work product privilege, or any other applicable privilege or immunity is inadvertently produced ("Inadvertent Production Material"), such inadvertent production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity.

a. A claim of inadvertent production shall be made in writing and shall constitute a representation by that Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

b. If a claim of inadvertent production is made pursuant to this Stipulation, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the producing Party, and/or destroy all such claimed Inadvertent Production Material (including summaries

6

14792701

and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    c.  A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the document(s) or information in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

13.    <u>Amendment</u>. Any amendment of the provisions of this Order can be made by agreement of the parties, and, if agreed upon, shall be made in writing. Any amendment to the provision of this Order will become effective upon approval of the Court.

14.    <u>Continuing Jurisdiction</u>. This Order shall continue to be binding on the Parties after the conclusion of this litigation. The United States District Court for the Northern District of New York shall continue to retain jurisdiction over all persons and Parties bound by this Order for enforcement.

Executed: November 22, 2022

| | |
|---|---|
| NEW CIVIL LIBERTIES ALLIANCE | BOND, SCHOENECK & KING, PLLC |
| | |
| By:  *s/Richard A. Samp* | By:  *s/Suzanne M. Messer* |
|     Richard A. Samp |     Jonathan Fellows |
|     Brian Rosner |     Suzanne M. Messer |
| 1225 19th Street NW |     Collin M. Carr |
| Suite 450 | One Lincoln Center |
| Washington, D.C. 20036 | Syracuse, New York 13202-1355 |
| Telephone: (202) 869-5210 | Telephone: (315) 218-8000 |
| Email: rich.samp@ncla.legal | Email: jfellows@bsk.com |

smesser@bsk.com
ccarr@bsk.com

*Attorneys for Plaintiff*                                      *Attorneys for Defendant*

IT IS SO ORDERED:

Thérèse Wiley Dancks
U.S. Magistrate Judge

Dated: ___11/23/2022_____

8

14792701

**EXHIBIT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DR. MUKUND VENGALATTORE,

                Plaintiff,

       v.

CORNELL UNIVERSITY,

                Defendant.

**PROTECTIVE ORDER**

Civil Action No.
3:18-CV-1124 (GLS/TWD)

I, _____, have been advised by counsel of record for

_____ in *Vengalattore v. Cornell University*, Case No. 3:18-cv-001124

(GLS/TWD), of the Protective Order governing the delivery, publication, and disclosure of

"<u>CONFIDENTIAL</u>" documents and information produced in this litigation. I have read a copy of

the Protective Order and agree to abide by its terms. I understand that the Protective Order prohibits

me from disclosing "<u>CONFIDENTIAL</u>" documents and information without permission.

_____         _____
Signed                                  Date

14792701