

One Lincoln Center | Syracuse, NY 13202-1355 | **bsk.com**

**SUZANNE M. MESSER, ESQ.**
messers@bsk.com

January 31, 2024

**VIA ELECTRONIC FILING**

Hon. Gary L. Sharpe
United States District Court
Northern District of New York
Federal Building and U.S. Courthouse
P.O. Box 7396
Syracuse, New York 13261-7396

Re:   *Vengalattore v. Cornell University*
      Case No. 3:18-cv-01124-GLS-TWD

Dear Judge Sharpe:

We write on behalf of Defendant Cornell University ("Cornell") in the above-referenced action. In accordance with the schedule set forth by the Court, on December 11, 2023, Cornell intends to file papers in support of a motion for summary judgment.

On November, 2022, the parties entered a Stipulated Confidentiality Agreement and Protective Order (ECF Doc. No. 87) (the "Protective Order") to protect the disclosure of documents and information exchanged during the course of this litigation. Magistrate Judge Thérèse Wiley Dancks signed the Protective Order on November 23, 2022.

Pursuant to the Protective Order and N.D.N.Y. L.R. 5.3, we write to request that the Court permit Cornell to file the following two exhibits under seal (the "Proposed Sealed Materials"):

(a) Confidential Investigative Report of the Division of Human Resources Workforce Policy & Labor Relations (attached to the Declaration of Alan Mittman as Exhibit G), with Appendices A-C.

(b) Confidential Investigative Report of the Division of Human Resources Workforce Policy & Labor Relations (attached to the Declaration of Gretchen Ritter, Ph.D., as Exhibit J) without appendices.

Pursuant to L.R. 5.3, "[a] party seeking to have a . . . portion of a document . . . sealed bears the burden of filing an application setting forth the reason(s) that the referenced material should be sealed under the governing legal standard." N.D.N.Y. L.R. 5.3(a) (citing *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006)). Pursuant to the governing legal standard, "a presumption of public access attaches to any 'judicial document' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process.'" *Chase v. Correctional Medical Care, Inc.*, Civil Action No. 1:14-cv-0474 (DNH/TWD), 2015 WL

9308269, *1 (N.D.N.Y. Dec. 22, 2015) (citing *Lugosch*, 435 F.3d at 119). "If the presumption applies, a court must first determine the weight to be given the presumption based on the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (citations, alterations, and internal quotations omitted). "It must then weigh the presumption against any countervailing interests, such as 'the privacy interest of those resisting disclosure,' 'judicial efficiency,' and 'the danger of impairing law enforcement.'" *Id.* The Proposed Sealed Materials contain references to material that satisfies this standard, and thus, those portions should be sealed.

First, the material Cornell seeks to seal refers to material the parties have designated "Confidential" pursuant to the Protective Order in this case. Pursuant to the terms of the Protective Order, so marked material:

> [S]hould not be disclosed in any manner, directly or indirectly to any person other than the attorneys for the parties and their personnel, named Parties and their officers and employees, witnesses, expert witnesses retained or used by the attorneys of record, and Court personnel. Access to "CONFIDENTIAL" documents or information shall be limited to disclosure that is reasonably necessary for purposes of preparation, trial, appeal, or settlement. "CONFIDENTIAL" documents or information, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless: (a) the attorneys for the Party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

(ECF Doc. No. 87 at 4, ¶ 5). In addition, a party seeking to file so-marked material "with the Court supporting a motion . . . shall file such documents under seal using the Court-authorized procedure for filing documents under seal as set forth by the Court's procedure." (*id.* at 5, ¶ 8) Thus, the parties have recognized the need to keep this material private.

Second, the Proposed Sealed Materials contain information Cornell contends is confidential information impacting Plaintiff Vengalattore's privacy interests, as well as the privacy interests of third-parties (in particular the female student involved in the misconduct complaint against Plaintiff) unrelated to this action. We further note that there is precedent for sealing similar documents in other similar matters within the Northern District of New York. *See, e.g.*, *Doe v. Hamilton Coll.*, 6:21-cv-436 (GTC/CFH) (ECF Doc. Nos. 30 & 34) (granting Plaintiff's and Defendant's request to seal documents relating to sexual misconduct proceedings in connection with a motion for summary judgment).

While Cornell has considered whether the Proposed Sealed Materials could be redacted, rather than sealed, we have determined that redactions would (a) detract from the Court's ability to fully understand the documents because the identities of the individuals contained therein are needed to gain a full picture of the allegations that form the basis of Plaintiff Vengalattore's Complaint, and

17188440

Hon. Gary L. Sharpe
January 31, 2024
Page 3

(b) would be burdensome in that it would require substantial time and effort to redact information and/or replace names with non-identifying indicators. All these factors weigh in favor of sealing the documents.

Based on the foregoing, Cornell respectfully requests the Court grant its request to file portions of its supporting papers under seal. To that end, and pursuant to N.D.N.Y. L.R. 5.3(a), Contemporaneous with the filing of its opposition papers, Cornell will send the Proposed Sealed Materials to chambers and to Plaintiff Vengalattore's counsel via email. A proposed order permitting Cornell to file the Proposed Sealed Materials is attached hereto.

Respectfully Submitted,

BOND, SCHOENECK & KING, PLLC

*/s/Suzanne M. Messer*

Suzanne M. Messer

cc:     Counsel of Record, via ECF

17188440